Noah G. Hillen, ISB No. 7690
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 6538
Boise, ID 83707
Telephone (208) 297-5774
Facsimile
ngh@hillenlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

In Re:

MIKKELSEN, ERIC ALAN and
MIKKELSEN, AMANDA LYNN

　　　　　　　　Debtors.

Case No. 16-01489-TLM
Chapter 7

**TRUSTEE'S FIRST AMENDED OBJECTION TO EXEMPTION**

**NOTICE OF OBJECTION TO EXEMPTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE ABOVE NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

**NOTICE**

　　　YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the following exemption(s) claimed by the debtor(s) in this proceeding:

| Asset | Specific Law | Value of Exemption |
|---|---|---|
| 222 Norheim Lane, McCall, ID 83638 | Idaho Code §§ 55-1001, 55-1002, 55-1003 | $100,000.00 |

**TRUSTEE'S FIRST AMENDED OBJECTION TO EXEMPTION - 1**

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objection(s) without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed. File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., MSC 042, Boise, ID 83724; and (2) a copy with the Trustee.  A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

## OBJECTION

Trustee objects to the Debtors' claim of exemption in the above-listed property, as the property may is covered, in whole or in part, by the exemption statutes listed.  First, Debtors are attempting to claim the real property located at 222 Norheim Lane, McCall, Idaho 83638 (the "Real Property) as exempt using Idaho's homestead exemption.  Debtors, however, testified at the first meeting of creditors that they reside at the real property located at 41 Mangum Circle #1, Donnelly, ID 83615 (the "Homestead Property").  Debtors are also claiming a $100,000 exemption in the Homestead Property on their Schedule C.  Pursuant to Idaho Code §§ 55-1001, 55-1002, and 55-1003, the homestead exemption is limited to $100,000.  Here, the Debtors are attempting to exempt a total of $200,000 regarding two noncontiguous parcels of real property.  Accordingly, the exemption as to the Real Property should be disallowed.  By this exemption, Trustee is not challenging the homestead exemption as to the Homestead Property, at which the Debtors currently reside.

Prior to filing the bankruptcy, the Debtors filed a Declaration of Abandonment of Homestead regarding the Homestead Property and a Declaration of Homestead regarding the Real Property.  The Declaration of Homestead is deficient and does not comply with Idaho Code § 55-1004(3) because it is missing an estimation of the premises actual cash value.  Idaho Code § 55-1004(3) requires, among other things, that a declaration of homestead contain an "estimate of the premises actual cash value."  Our District Court has strictly construed the requirements of Idaho Code § 55-1004.  *In re Thorp*, 09.3 I.B.C.R. 90, 92 (D. Idaho 2009).  This Court has required that a declaration of homestead contain each of the elements set forth in Idaho Code § 55-1004(3) to be effective.  The absence of a single required element renders the homestead declaration ineffective to create a homestead exemption.  *See In re Thorp*, 09.3 I.B.C.R. 90, 91 (D. Idaho 2009) (declaration of homestead missing estimate of the premises actual cash value).  Accordingly, the homestead exemption regarding the Real Property should be dissalowed.

Date:   January 26, 2017                                          /s/  Noah G. Hillen
                                                                                    Chapter 7 Bankruptcy Trustee

**TRUSTEE'S FIRST AMENDED OBJECTION TO EXEMPTION - 2**

## CERTIFICATE OF SERVICE

I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the individuals so noted below. I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Electronic Notification*

**Jonathon Mark Avery**
boise@averylaw.net, ch@averylaw.net; twinfalls@averylaw.net; ryan@averylaw.net; averybklaw@gmail.com;pocatello@averylaw.net;averylaw@stratusbk.com

**US Trustee**
ustp.region18.bs.ecf@usdoj.gov

*Served by U.S. MAIL*

ERIC & AMANDA MIKKELSEN
41 MANGUM CIR #1
DONNELLY, ID 83615

/s/ Noah G. Hillen
Date: January 26, 2017

**TRUSTEE'S FIRST AMENDED OBJECTION TO EXEMPTION - 3**