Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Attorneys for Trustee Noah G. Hillen

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | ) | Case No. 16-01489-TLM |
|---|---|---|
| ERIC ALAN MIKKELSEN and AMANDA LYNN MIKKELSEN, | ) ) ) ) | Chapter 7 |
| Debtors. | ) ) | |

## MOTION TO APPROVE COMPROMISE

**Notice of Motion to Approve Compromise
and Opportunity to Object and for a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **twenty-one (21)** days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

MOTION TO APPROVE COMPROMISE - 1

48489.0003.10629272.2

Noah G. Hillen, solely in his capacity as Chapter 7 Trustee ("**Trustee**"), by and through his attorneys of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, hereby moves the Court for approval of a compromise between the Bankruptcy Estate of Chapter 7 Debtors Eric Alan Mikkelsen and Amanda Lynn Mikkelsen (the "**Estate**") and the Debtors Eric Alan Mikkelsen and Amanda Lynn Mikkelsen ("**Debtors**"), pursuant to Federal Rule of Bankruptcy Procedure 9019(a).

## I.
## FACTS

On November 18, 2016, Debtors filed for relief under Chapter 7 of the Bankruptcy Code in this Court. Dkt. No. 1. Trustee is the duly appointed Chapter 7 Trustee in Debtor's Chapter 7 case.

Trustee investigated the financial affairs of Debtors and determined that non-exempt assets of Debtors were: held in bank accounts, held in cash, held in attorney trust fund account, transferred to Debtors' entity known as Norheim, Inc., and transferred to insiders of Debtors, in a total amount of $34,527.52 ("**Estate Funds**").

After discovering the Estate Funds, Trustee made a demand on Debtors, via a letter dated February 8, 2017, to pay the Estate Funds to the Estate (the "**Trustee's Letter**"). Thereafter, Debtors filed an amended Schedule C on August 10, 2017, claiming a portion of the Estate Funds identified in the Trustee's Letter were exempt. Trustee and Debtors then negotiated a resolution to the dispute over the status of the Estate Funds and as to the amount to be turned over to Trustee on behalf of the Estate, with the parties settling upon a sum of $25,000 to be paid to the Estate.

MOTION TO APPROVE COMPROMISE - 2

Trustee and Debtors thereafter memorialized the agreement by the Stipulation and Settlement Agreement with the effective date of September 15, 2017, attached hereto and incorporated by reference as **Exhibit A** (the "**Proposed Compromise**"). After execution of the Proposed Compromise, Debtors have paid the $25,000 as agreed and Trustee is holding that sum pending Court approval of the Proposed Compromise, as requested herein.

## II.
## THE PROPOSED COMPROMISE

This compromise would resolve the Trustee's claim to the Estate Funds, Debtors' subsequent claim that a portion of those Estate Funds are exempt, and the amount that Debtors would be required to turn over to the Estate. The Estate would receive $25,000 from this compromise, as compared the original demand in the Trustee's Letter of $34,527.52.

Subject to Court approval, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), Trustee asserts that the Proposed Compromise is a "fair and equitable" resolution regarding the Estate Funds, based upon the *A&C Properties* factors of: the probability of successfully litigating the claims; the difficulty in enforcement of a judgment; the complexity of the litigation involved, and the expense, inconvenience and delay in necessarily attending it; and the paramount interest of the creditors. *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir. 1986); *In re Marples*, 266 B.R. 202, 206 (Bankr. D. Idaho 2001).

**A.    Probability of Success in the Litigation**

The Estate's claims to the Estate Funds are strong and it is likely that the Estate would prevail on such claims. It is undisputed that Debtors held the amounts specified in the applicable accounts on the petition date as provided in various account statements Trustee has been provided. Moreover, Debtors do not dispute various transfers to insiders and the amounts of

MOTION TO APPROVE COMPROMISE - 3

such transfers. The strength of the claims asserted against Debtors by Trustee is the reason the amount of the Proposed Compromise is close to the amount originally demanded by Trustee in Trustee's Letter.

Despite the strength of Trustee's claims, Trustee would bear the burden of proof at trial in proving the amount to be turned over to the Estate. Moreover, Trustee would likely have to commence multiple adversary proceedings against transferees of Debtors' constructively fraudulent transfers, creating more complexities in the case. At the conclusion of the trial or trials, the amounts arrived at by the Court at the conclusion of those proceedings on this matter may be more or less than the amount negotiated by Trustee with Debtors depending on the proof adduced at trial. In the exercise of Trustee's informed discretion on this *A & C Properties* factor, Trustee believes this factor weighs in favor of approving the Proposed Compromise given the uncertainty of a full trial or trials.

**B.    Difficulty in Enforcement of a Judgment**

Trustee has no reason to believe Debtors would willingly disobey a judgment or order entered by this Court at the conclusion of a hearing or trial. However, Debtors are individuals in a Chapter 7 case, and thus their ability to pay any amounts the Court would order may be in question given this financial condition. Moreover, Trustee is not informed as to the ability of the third parties implicated by this Proposed Compromise and those individuals and entities' ability to pay. This *A & C Properties* factor therefore weighs in favor approving the Proposed Compromise because enforcement and collection on the Court's order or judgment would present some difficulty.

C.  **The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It**

The claims to the amounts in Debtors' accounts and the constructively fraudulent transfer claims against third parties are not complex. The burden at a hearing in objecting to any claimed exemption of Debtors would be on Trustee, however. In addition, at the trial or trials that would need to be commenced as to the constructively fraudulent transfer transferees, Trustee would bear the burden of proof in proving the transactions occurred and the amounts of such transfers. Conducting an evidentiary hearing on any exemptions, and litigating with the third parties and bringing multiple cases, would cause the Estate to incur additional attorney fees and could result in collection activities post-judgment, which would also increase the amount of attorney fees the Estate would have to pay.

Trustee believes that the Estate is receiving through this compromise nearly what the Estate would be reasonably entitled to upon the conclusion of an evidentiary hearing and/or trials, without incurring attorney fees to the Estate. To avoid further delay in this case to the creditors, and considering the expenses attendant with prosecuting this action through trial or trials, Trustee has concluded in the exercise of his informed discretion that this factor of the *A & C Properties* analysis weighs in favor of approving the Proposed Compromise.

D.  **The Paramount Interest of Creditors**

The paramount interest of creditors in this case is served by Trustee's prompt resolution through the Proposed Compromise. As stated, Trustee reasonably believes that the result of the Proposed Compromise is nearly what would be ordered by the Court at the conclusion of the trial or trials in this case. Therefore, this final, and important *A & C Properties* factor weighs in favor of approval of the Proposed Compromise.

MOTION TO APPROVE COMPROMISE - 5

### III.
### CONCLUSION

For the reasons stated above, because the *A & C Properties* factors weigh in favor of approving the compromise, and in the exercise of Trustee's informed discretion, Trustee respectfully submits that the Proposed Compromise is fair and equitable and is in the best interest of the creditors of the Estate. Trustee therefore requests that the Court enter an order approving the Proposed Compromise.

**IF NO RESPONSE TO THIS MOTION IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS DISCRETION, GRANT THE MOTION AND APPROVE THE COMPROMISE.**

DATED THIS 20th day of February, 2018.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Brent R. Wilson, ISB No. 8936
Attorneys for Trustee Noah G. Hillen

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 20th day of February, 2018, I electronically filed the foregoing MOTION TO APPROVE COMPROMISE with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Randal J. French | rfrench@rfrenchlaw.com |
| Noah G. Hillen | ngh@hillenlaw.com |
| U.S. Trustee | ustp.region18bs.ecf@usdoj.gov |

      AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail** (list names and addresses):

Eric Alan Mikkelsen
Amanda Lynn Mikkelsen
41 Mangum Cir #1
Donnelly, ID 83615


In addition to the above, each creditor in the
attached Creditor Matrix was served a copy of
this Motion

                                          _____
                                          Brent R. Wilson

MOTION TO APPROVE COMPROMISE - 7

```
Label Matrix for local noticing            American InfoSource LP as agent for      (p)BANK OF AMERICA
0976-1                                     Verizon                                  PO BOX 982238
Case 16-01489-TLM                          PO Box 248838                            EL PASO TX 79998-2238
District of Idaho                          Oklahoma City, OK  73124-8838
Boise
Tue Feb 20 14:21:07 MST 2018

Jody Bolopue                               Celtic Bank                              Chase Card
Integrity Appraisal & Consulting Inc       268 S. State Street STE 300              Po Box 15298
5290 Umatilla Ave                          Salt Lake City, UT 84111-5314            Wilmington, DE 19850-5298
Boise, ID 83709-6149


Beth Liana Coonts                          Corbett Auctioneers and Appraisers, Inc. Corbett Auctions & Appraisals
J. R. Simplot Company                      POB 191261                               PO Box 191261
1099 W. Front Street                       Boise, ID 83719-1261                     Boise, ID 83719-1261
P.O. Box 27
Boise, ID 83707-0027


Discover Bank                              Discover Fin Svcs Llc                    Randal J French
Discover Products Inc                      Po Box 15316                             POB 836
PO Box 3025                                Wilmington, DE 19850-5316                Boise, ID 83701-0836
New Albany, OH  43054-3025


Noah G. Hillen                             Jeffrey Hartley                          Leslie Patterson
P.O. Box 6538                              1246 Warren Wagon                        840 W. 300 N.
Boise, ID 83707-6538                       McCall, ID 83638                         Salt Lake City, UT 84116-3320


Matthew and Traci Ulberg                   Alan Mikkelsen                           Amanda Lynn Mikkelsen
P.O. Box 1080                              61342 Hillside Road                      41 Mangum Cir #1
Lolo MT 59847-1080                         St. Ignatius, MT 59865-9141              Donnelly, ID 83615-4726


Eric Alan Mikkelsen                        Mountain America Credit Unio             Mountain America Credit Union
41 Mangum Cir #1                           321 Second Street                        c/o Blaine Jardine
Donnelly, ID 83615-4726                    Ogden, UT 84404-3949                     735 South State Street, #300
                                                                                    Salt Lake City, UT 84111-3821


Mountain America Cu                        PRA Receivables Management, LLC          Rebecca Kuhnel
180 E 100 S                                PO Box 41021                             PO Box 922
Salt Lake City, UT 84139-1502              Norfolk, VA 23541-1021                   McCall, ID 83638-0922


UHEAA                                      US Trustee                               Umpqua Bank
PO Box 145108                              Washington Group Central Plaza           111 N Wall St
Salt Lake City, UT 84114-5108              720 Park Blvd, Ste 220                   Spokane, WA 99201-0609
                                           Boise, ID 83712-7785


Umpqua Bank                                Us Bank                                  Verizon
Attn:  Lisa Jones                          200 Gibraltar Rd Ste 315                 by American InfoSource LP as agent
PO Box 1820                                Horsham, PA 19044-2325                   PO Box 248838
Roseburg, OR 97470-0417                                                             Oklahoma City, OK  73124-8838
```

Verizon Wireless
Attn: Correspondence Team
PO Box 5029
Wallingford, CT 06492-7529

Brent Russel Wilson
Hawley Troxell Ennis & Hawley, LLP
P.O. Box 1617
Boise, ID 83701-1617

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bk Of Amer
Po Box 982235
El Paso, TX 79998

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Noah G. Hillen
P.O. Box 6538
Boise, ID 83707-6538

(d)PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

End of Label Matrix
Mailable recipients    31
Bypassed recipients     2
Total                  33

## SETTLEMENT AGREEMENT AND STIPULATION

THIS SETTLEMENT AGREEMENT AND STIPULATION ("**Agreement**") is made and entered into as of the Effective Date (as defined below), by and between Eric Mikkelsen and Amanda Mikkelsen ("**Debtors**"), and Noah G. Hillen, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Debtors (Bankr. D. Idaho Case No. 16-01489-TLM) ("**Trustee**"). Debtors and Trustee may be referred to herein collectively as the "**Parties**" and individually as "**Party**."

## RECITALS

**A.** WHEREAS, on November 18, 2016, Debtors filed for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Idaho (the "**Bankruptcy Court**") (Case No. 16-01489-TLM) (the "**Bankruptcy Case**").

**B.** WHEREAS, Trustee is the duly appointed Chapter 7 Trustee in the Bankruptcy Case.

**C.** WHEREAS, Trustee investigated the financial affairs of Debtors and determined that non-exempt assets held in bank accounts, held in cash, held in attorney trust fund accounts, funds transferred to Debtors' entity known as Norheim, Inc., and funds transferred to insiders and relatives of Debtors were due to the bankruptcy estate (the "**Estate Funds**").

**D.** WHEREAS, on or about February 8, 2017, Trustee sent a demand letter to Debtors detailing the Estate Funds Trustee sought to be paid to the bankruptcy estate (the "**Trustee's Letter**"). The total amount of Estate Funds requested in Trustee's Letter was $37,397.97. Of that amount, Debtors have amended their Statement of Financial Affairs to revise the amount of one transfer to Traci Ulberg and Trustee has recovered the entire amount of that transfer. The remaining amount of the Trustee's Demand, in that letter, is $34,527.52.

**E.** WHEREAS, Debtors filed an amended Schedule C on August 10, 2017, claiming a portion of the Estate Funds identified in the Trustee's Letter as exempt.

**F.** WHEREAS, since filing of the amended Schedule C the Parties have actively negotiated a resolution of this issues presented as to the Estate Funds.

**G.** WHEREAS, the Parties agree and acknowledge that the issues presented with respect to the Estate Funds are the only claims being resolved by this Agreement. The Parties agree and acknowledge that Trustee is also pursuing claims against Debtors and related parties with respect to real property located at 222 Norheim Lane, McCall, Idaho (the "**McCall Property**"). This Agreement does not involve, affect, or resolve the issues presented with respect to the McCall Property.

**H.** WHEREAS, to avoid the time, expense, and risk of further litigation, the Parties have now agreed to fully compromise and settle their claims and defenses pursuant to the terms and conditions of this Agreement as to the Estate Funds.

48489.0003.10012229.1

## EXHIBIT A

**NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement, the Parties hereto mutually agree as follows:

1. The above recitals are incorporated herein by reference.

2. **EFFECTIVE DATE.** The effective date of this Agreement shall be September 15, 2017, regardless of when the Parties sign it ("**Effective Date**").

3. **SETTLEMENT PAYMENT.**

   **a)** **Settlement Sum.** Debtors shall pay to Trustee the total sum of Twenty Five Thousand Dollars ($25,000.00) in good funds (the "**Settlement Sum**"), in full satisfaction of Trustee's claims asserted against Debtors only as to the Estate Funds. For the avoidance of doubt, the Parties hereby acknowledge, understand, and agree that, as more fully set forth below, this Agreement has no effect on any other claims Trustee has against Debtors, including, but not limited to, Trustee's claims involving the McCall Property.

   **b)** **Payment of the Settlement Sum.** Debtors shall pay to Trustee the Settlement Sum pursuant to the following payment schedule:

       i. Debtors shall pay to Trustee Fifteen Thousand Dollars ($15,000.00) to be paid in Three Thousand Dollar ($3,000.00) monthly payments **each and every month beginning by September 30, 2017 and continuing thereafter** to be received by Trustee by the last day of each and every month thereafter for five (5) months; and

       ii. Debtors shall pay to Trustee Ten Thousand Dollars ($10,000.00) to be received by Trustee by the last day of February, 2018.

   **c)** **Default.** Debtors acknowledge, understand, and agree if Debtors fail to pay the Settlement Sum pursuant to the payment schedule set forth in (b) above, a default shall exist if such default is not cured five (5) days after Debtors receive notice of such default. Debtors agree that such notice may be given by Trustee or his lawyers through any reasonable means of communication, including a telephone call to Debtors' counsel or an email to Debtors' counsel. If such default occurs, Debtors agree that Trustee shall retain any payment made by Debtors as of the date of the default, and shall apply those funds first to the claims against Alan Mikkelsen, then to claims against the Erekeson Trust account, then to claims against Norheim. Trustee may then commence any adversary proceeding or other court action deemed reasonable in the sole and absolute discretion of Trustee against Debtors and any other parties. Upon default, Trustee may exercise any right and remedy as provided under this Agreement or as provided by law or equity.

   **d)** **Prepayment.** The Settlement Sum may be prepaid, in whole or in part, at any time without penalty.

4. **COURT APPROVAL.** The Parties acknowledge that this Agreement, and all terms hereto, are subject to and conditioned upon Trustee obtaining approval of this Agreement

(the "**Court Order**"). If the Bankruptcy Court does not approve the terms of this Agreement, this Agreement will be void and without effect.

5. **RELEASES**.

    **a)** **Release of Debtors.** Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, effective upon the Court Order, Trustee as the representative of Debtors' bankruptcy estate, and his past, present and future predecessors, successors, assigns, agents, and representatives, does hereby release and forever discharge Debtors from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which the Trustee may now have or has ever had or hereafter claims to have had, on behalf Debtors' bankruptcy estate **that arise out of claims to the Estate Funds**. For avoidance of doubt, Trustee does not release Debtors from any and all other claims Trustee has against Debtors, including but not limited to, claims arising from the McCall Property.

    **b)** **Release of the Trustee.** Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, effective upon the Court Order, Debtors, for themselves and their past, present and future predecessors, successors, assigns, agents, representatives, partners, brokers, contractors, and servants, does hereby release and forever discharge the Trustee and each of his past, present, and future predecessors, successors, assigns, agents, and representatives, (collectively, the "**Trustee Releasees**"), and each of them, jointly and severally, from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which Debtors may now have or has ever had or hereafter claims to have had, on behalf of themselves or any other person or entity, as of the date of the order approving this Agreement, against any and each of the Trustee Releasees **with respect to the claims arising from the Estate Funds**.

6. **DEBTORS' REPRESENTATIONS AND WARRANTIES.** In order to induce the Trustee to enter into this Agreement, Debtors hereby make the following representations and warranties to Trustee:

    **a.** **No Assignment of Claims.** Debtors hereby represent and warrant to Trustee that they have not assigned or transferred or purported to assign or transfer to any third party all or any part of any of the claims released herein.

  **b.**  **Representation by Counsel.** Debtors hereby represent and warrant to Trustee that they have been represented by counsel of their own choosing during any and all negotiations which have led to this Agreement.

 **7.**  **TRUSTEE'S REPRESENTATIONS AND WARRANTIES.** In order to induce Debtors to enter into this Agreement, the Trustee hereby makes the following representations and warranties:

  **a.**  **No Assignment of Claims.** Trustee hereby represents and warrants to Debtors that Trustee has not heretofore assigned or transferred or purported to assign or transfer to any third party all or any part of any of the claims released herein.

  **b.**  **Representation by Counsel.** The Trustee represents, warrants and agrees that he has been represented by counsel of his own choosing during any and all negotiations which have led to this Agreement.

 **8.**  **EXPENSES OF THE PARTIES IN THIS TRANSACTION.** Each of the Parties hereto shall pay all of the expenses incurred by such Party in connection with the authorization, preparation, negotiation, and execution of this Agreement, including but not limited to all fees and expenses for agents, attorneys, and accountants. Each Party hereto shall be responsible for any and all tax consequences, if any, that they may incur as a result of any term of this Agreement.

 **9.**  **TIME OF ESSENCE.** Time and prompt performance of each provision of this Agreement is of the essence.

 **10.**  **WAIVER.** A waiver by one Party hereto of one or several defaults in performance of any provision of this Agreement to be performed by any other Party hereto shall not be construed as being a waiver of such provision itself, or of any subsequent default in performance thereof, or of the provisions of this Agreement.

 **11.**  **ENFORCEMENT EXPENSES OF THE PARTIES HERETO.** The Party hereto who is a losing Party in any court action brought to enforce any of the provisions of this Agreement shall pay to the party hereto who is a prevailing Party in such court action all reasonable attorney fees incurred in all trial and appellate courts by such prevailing party in addition to all costs allowed by law.

 **12.**  **ALL MODIFICATIONS TO BE WRITTEN.** No modification of this Agreement or any waiver of a provision hereof shall be of any force or effect unless the same is in writing and signed by the Parties hereto.

 **13.**  **BINDING EFFECT.** The Agreement herein applies to, binds and inures to the benefit of each Party hereto and their personal representatives, executors, administrators, heirs, devisees, legatees, assignees, transferees, and successors.

 **14.**  **FINAL EXPRESSION OF THIS AGREEMENT.** This Agreement and those documents executed in furtherance of this Agreement are the final expression of all the parties'

agreements regarding resolution of the claims to the Estate Funds, and supersedes all prior or contemporaneous negotiations, understandings, and agreements between the parties, whether oral or written. Any prior oral promises, representations, waivers, and courses of conduct are not relied upon and are of no further effect.

    **15.**    **MISCELLANEOUS.** This Agreement shall be interpreted as provided in this provision:

        **a.**    **Paragraph headings.** The paragraph headings used herein are for convenience only and are not a part of this Agreement and shall not be used to interpret it.

        **b.**    **Choice of law and consent to jurisdiction and venue.** This Agreement shall be governed by the laws of the state of Idaho, without regard to its conflicts of law rules or principles. The Parties specifically agree that any and all controversies, disputes or claims arising under, or related to, this Agreement, including any breaches of the Parties' respective obligations set forth in this Agreement, and/or the conduct of any Party taking place after the Effective Date of this Agreement, shall be adjudicated by the Bankruptcy Court and the Parties hereby consent to and submit to the jurisdiction, constitutional authority, and venue of the Bankruptcy Court to enter the Court Order approving this Agreement and to resolve any and all disputes arising from this Agreement.

        **c.**    **Singular terms.** Singular terms used herein shall be read as if written in the plural when the context so requires or permits.

        **d.**    **Duplicate originals.** Duplicate originals of this Agreement shall be signed and each such signed duplicate original may serve as an original for all purposes.

        **e.**    **Severability.** If any provision of this Agreement is held to be illegal, invalid, or unenforceable for any reason, such illegality or invalidity shall not affect the remaining portions of this Agreement.

        **f.**    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute a single, integrated and binding instrument. A faxed, photocopied, digital or scanned and emailed signature shall have the same force and effect as an original signature.

[Remainder of the page intentionally left blank.]

**SIGNED BY TRUSTEE:**

Noah G. Hillen, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Eric and Amanda Mikkelsen (Bankr. D. Idaho Case No. 16-01489-TLM)

By: _____          9-22-17
        Noah G. Hillen                                    Date Signed

**SIGNED BY DEBTORS:**

_____      9/19/17
Eric Mikkelsen                  Date Signed

_____     9-19-17
Amanda Mikkelsen          Date Signed

APPROVED AS TO FORM AND CONTENT:

_____  
HAWLEY TROXELL ENNIS & HAWLEY LLP  
Attorneys for Trustee

9/22/2017  
Date Signed

_____  
LAW OFFICE OF RANDAL J. FRENCH, P.C.  
Attorney for Debtors

9/21/17  
Date Signed

48489.0003.9383439.2