Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Attorneys for Trustee Noah G. Hillen

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ERIC ALAN MIKKELSEN and AMANDA LYNN MIKKELSEN,<br><br>        Debtors. | Case No. 16-01489-TLM<br><br>Chapter 7 |

## MOTION TO APPROVE COMPROMISE

---

**Notice of Motion to Approve Compromise
and Opportunity to Object and for a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **twenty-one (21)** days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

MOTION TO APPROVE COMPROMISE - 1

Noah G. Hillen, in his capacity as Chapter 7 Trustee in the above case ("**Trustee**"), by and through his attorneys of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, hereby moves the Court for an order approving the compromise among the Bankruptcy Estate of Chapter 7 Debtors Eric Alan Mikkelsen and Amanda Lynn Mikkelsen (the "**Estate**"), the Debtors Eric Alan Mikkelsen and Amanda Lynn Mikkelsen ("**Debtors**"), and Alan Mikkelsen and Lynette Mikkelsen (the "**Mikkelsens**"), pursuant to Federal Rule of Bankruptcy Procedure 9019(a). Trustee respectfully submits that he has exercised appropriate business judgment in compromising the Estate's claims in this matter and that the compromise meets the requirements of Federal Rule of Bankruptcy Procedure 9019(a) under the factors to be considered as stated in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir. 1986).

## I.
## FACTS

On November 18, 2016, Debtors filed for relief under Chapter 7 of the Bankruptcy Code in this Court. Dkt. No. 1. Trustee is the duly appointed Chapter 7 Trustee in Debtor's Chapter 7 case.

Trustee investigated the financial affairs of Debtors and determined that Debtors had a non-exempt interest in real property located at 222 Norheim Lane, McCall, Idaho (the "**McCall Property**"). The McCall Property was transferred, in part, to the Mikkelsens in January 2016 by Debtors. Trustee determined that the McCall Property was partially improved at the time of the transfer to the Mikkelsens. The Mikkelsens thereafter improved the McCall Property further.

At the outset of this case, Trustee asserted that the Estate's interest in the McCall Property, due to Debtors' non-exempt interest in the property, paired with the transfer of the McCall Property to the Mikkelsens with no consideration paid by the Mikkelsens, entitled the

MOTION TO APPROVE COMPROMISE - 2

Estate to the full value of the McCall Property. The Mikkelsens and Debtors argued in response that the transfer to the Mikkelsens was with valid consideration because the Mikkelsens orally agreed with Debtors that they would improve the McCall Property, and that the Mikkelsens had indeed improved the McCall Property since the transfer in January 2016. Trustee investigated this matter by taking the 2004 Examination of Debtor Eric Mikkelsen and through other available sources of information.

Trustee, the Mikkelsens, and Debtors thereafter negotiated a settlement of the dispute over the McCall Property over the course of several months. Trustee and Debtors further negotiated and resolved, with this Court's approval, a dispute involving funds owed to the Estate. The Court approved the compromise as to the Estate funds on March 21, 2018 (the "**Prior Compromise**"). *See* Dkt. No. 96 (approving compromise that calls for Debtors to pay the Estate $25,000). The parties memorialized the final agreement as to the McCall Property by the Stipulation and Settlement Agreement with the effective date of March 8, 2018, attached hereto and incorporated by reference as **Exhibit A** (the "**Proposed Compromise**"). The Proposed Compromise called for the Mikkelsens and Debtors to pay to the Estate a settlement amount that would pay all the unsecured creditors in full as well as pay the administrative expenses of the Estate when added to the Prior Compromise. After execution of the Proposed Compromise, Debtors have now paid the $81,000, and Trustee is holding that sum pending Court approval of the Proposed Compromise, as requested herein.

## II.
## THE PROPOSED COMPROMISE

As stated, the Proposed Compromise allows for the Estate to obtain sufficient funds to pay all unsecured creditors in full and pay the Estate's administrative expenses in full when

MOTION TO APPROVE COMPROMISE - 3

added to the Prior Compromise. The Proposed Compromise provides that, in exchange for resolving all claims the Estate has to the McCall Property, the Mikkelsens and Debtors shall pay the agreed amount to the Trustee. Based upon the value of the McCall Property, the fees and costs for Trustee to pursue further litigation in this matter, the fees and costs to market and sell the McCall Property if the Estate were to take control of the property, and the resulting payment in full of the unsecured claims and administrative expenses of the Estate, Trustee believes in the exercise of his informed business judgment, that the Proposed Compromise is in the best interest of the Estate and the creditors of the Estate.

Subject to Court approval, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), Trustee asserts that the Proposed Compromise is a "fair and equitable" resolution regarding the Estate Funds, based upon the *A & C Properties* factors of: the probability of successfully litigating the claims; the difficulty in enforcement of a judgment; the complexity of the litigation involved, and the expense, inconvenience and delay in necessarily attending it; and the paramount interest of the creditors. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir. 1986); *In re Marples*, 266 B.R. 202, 206 (Bankr. D. Idaho 2001).

### A.   Probability of Success in the Litigation

The Estate's claims to the McCall Property are relatively strong, but the Mikkelsens do have considerable counters to such claim to reduce the value of the Estate's claims. First, it is clear Debtors have an interest in the McCall Property, which is not exempt. It is disputed, by Debtors and the Mikkelsens, as to the extent of this interest however. Debtors and the Mikkelsens claim that the unwritten agreement between them called for the bare land to remain the property of Debtors, whereas the improvements on the Property would be the property of the

MOTION TO APPROVE COMPROMISE - 4

Mikkelsens. Whatever the interest the Mikkelsens have in the McCall Property, it is clear that such interest was transferred to them by Debtors within two years of the bankruptcy and it is undisputed that the Mikkelsens paid nothing for the transfer of the McCall Property to them at the time of the transfer. Trustee has asserted that this is a prima facie fraudulent transfer under § 548. Debtors and the Mikkelsens dispute this claim because, they argue, the Mikkelsens provided value to Debtors by promising to improve the McCall Property and indeed, they did so post-transfer. The Mikkelsens further claim that they would be entitled, at least, to the improvements done to the McCall Property post-transfer under § 550.

Despite the strength of Trustee's claims, Trustee would bear the burden of proof at trial in proving the claims of the Estate and the fraudulent transfer action against the Mikkelsens. The Mikkelsens, however, would bear the burden to prove they are entitled to recovery of the amount expended on improving the McCall Property, or increase in value of the McCall Property, under § 550. Taking into consideration the value of the McCall Property, the fees and costs that would have to be incurred by Trustee and the Estate in prosecuting such actions, and considering the full payment of unsecured creditors in this case, the Trustee has concluded that the Proposed Compromise under this *A & C Properties* factor supports approving the Proposed Compromise. Thus, in the exercise of Trustee's informed discretion on this *A & C Properties* factor, Trustee believes this factor weighs in favor of approving the Proposed Compromise given above referenced facts.

**B.    Difficulty in Enforcement of a Judgment**

Trustee has no reason to believe Debtors or the Mikkelsens would willingly disobey a judgment or order entered by this Court at the conclusion of a hearing or trial. However, Debtors

MOTION TO APPROVE COMPROMISE - 5

48489.0003.11148683.1

are individuals in a Chapter 7 case, and thus their ability to pay any amounts the Court order may be in question given this financial condition. Trustee is not informed as to the Mikkelsens ability to pay any judgment of this Court, although. This *A & C Properties* factor therefore weighs in favor approving the Proposed Compromise because enforcement and collection on the Court's order or judgment may present some difficulty.

### C. The Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Necessarily Attending It

The claims to the McCall Property and the constructively fraudulent transfer claims against the Mikkelsens are not complex. The burden at trial as to the Estate's interest in the McCall Property and the fraudulent transfer claim against the Mikkelsens would be on Trustee. Trustee believes he would prevail on the Estate's claim to the McCall Property as well as the fraudulent transfer action. The amount of the recovery is somewhat difficult to determine although because of the claims made by the Mikkelsens as to their right to recover the improvement amounts under § 550. The Mikkelsens claim that they have expended over $250,000 in improving the McCall Property since the transfer to them by Debtors. In response, Trustee has countered that the Mikkelsens would only be entitled to such a recovery of amounts expended if they are determined by the Court to be good faith purchasers for value, and that knowledge of insolvency of the transferor by the transferee may invalidate such legal position. *See Bowers and Merena Auctions, LLC v. Lull (In re Lull)*, 386 B.R. 261, 271 (Bankr. D. Haw. 2008).

Obtaining this Court's review of these questions after a trial or trials on the merits would be expensive to the Estate, however. To avoid further delay in this case to the creditors, and considering the expenses attendant with prosecuting this action through trial or trials, Trustee has

MOTION TO APPROVE COMPROMISE - 6

concluded in the exercise of his informed discretion that this factor of the *A & C Properties* analysis weighs in favor of approving the Proposed Compromise.

**D.     The Paramount Interest of Creditors**

The paramount interest of creditors in this case is served by Trustee's prompt resolution through the Proposed Compromise. As stated, Trustee believes that the result of the Proposed Compromise when added to the Prior Compromise will result in payment in full to the creditors in this case and will result in payment in full of the administrative expenses of the Estate. Therefore, this final, and important *A & C Properties* factor weighs in favor of approval of the Proposed Compromise.

### III.
### CONCLUSION

For the reasons stated above, because the *A & C Properties* factors weigh in favor of approving the compromise, and in the exercise of Trustee's informed discretion, Trustee respectfully submits that the Proposed Compromise is fair and equitable and is in the best interest of the creditors of the Estate. Trustee therefore requests that the Court enter an order approving the Proposed Compromise.

DATED THIS 20th day of June, 2018.

                                        HAWLEY TROXELL ENNIS & HAWLEY LLP

                                        By _____
                                            Brent R. Wilson, ISB No. 8936
                                            Attorneys for Trustee Noah G. Hillen

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of June, 2018, I electronically filed the foregoing MOTION TO APPROVE COMPROMISE with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Randal J. French | rfrench@rfrenchlaw.com |
| Noah G. Hillen | ngh@hillenlaw.com |
| U.S. Trustee | ustp.region18bs.ecf@usdoj.gov |

*And all other receiving CM/ECF notices*

AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail** (list names and addresses):

Eric Alan Mikkelsen
Amanda Lynn Mikkelsen
41 Mangum Cir #1
Donnelly, ID 83615

American InfoSource LP
as agent for Verizon
PO Box 248838
Oklahoma City, OK 73124-8838

Bank of America
Po Box 982235
El Paso, TX 79998

Celtic Bank
268 S. State Street STE 300
Salt Lake City, UT 84111

Chase Card
Po Box 15298
Wilmington, DE 19850

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850

Jeffrey Hartley
1246 Warren Wagon
McCall, ID 83638

Leslie Patterson
840 W. 300 N.
Salt Lake City, UT 84116

Matthew and Traci Ulberg
P.O. Box 1080
Lolo MT 59847

Mountain America Credit Union
321 Second Street
Ogden, UT 84404

Mountain America Cu
180 E 100 S
Salt Lake City, UT 84139

MOTION TO APPROVE COMPROMISE - 8

48489.0003.11148683.1

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

UHEAA
PO Box 145108
Salt Lake City, UT 84114-5108

US Bank
200 Gibraltar Rd Ste 315
Horsham, PA 19044

Verizon Wireless
Attn: Correspondence Team
PO Box 5029
Wallingford, CT 06492

Beth Liana Coonts
J. R. Simplot Company
1099 West Front Street
P.O. Box 27
Boise, ID 83707

Randal J French
P.O. Box 836
Boise, ID 83701

Umpqua Bank
111 North Wall Street
Spokane, WA 99201

Rebecca Kuhnel
PO Box 922
McCall, ID 83638

Umpqua Bank
Attn: Lisa Jones
PO Box 1820
Roseburg, OR 97470

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK 73124-8838

Alan and Lynette Mikkelsen
61342 Hillside Roade
St. Ignatius, MT 59865

Corbett Auctioneers and Appraisers, Inc.
P.O. Box 191261
Boise, ID 83719

Mountain America Credit Union
c/o Blaine Jardine
735 South State Street, #300
Salt Lake City, Utah 84111

_____
Brent R. Wilson

MOTION TO APPROVE COMPROMISE - 9

48489.0003.11148683.1

## SETTLEMENT AGREEMENT AND STIPULATION

THIS SETTLEMENT AGREEMENT AND STIPULATION ("**Agreement**") is made and entered into as of the Effective Date (as defined below), among Eric Mikkelsen and Amanda Mikkelsen ("**Debtors**"), Alan Mikkelsen and Lynette Mikkelsen (the "**Mikkelsens**"), and Noah G. Hillen, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Debtors (Bankr. D. Idaho Case No. 16-01489-TLM) ("**Trustee**"). Debtors, the Mikkelsens, and Trustee may be referred to herein collectively as the "**Parties**" and individually as "**Party**."

### RECITALS

**A.** WHEREAS, on November 18, 2016, Debtors filed for relief under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Idaho (the "**Bankruptcy Court**") (Case No. 16-01489-TLM) (the "**Bankruptcy Case**").

**B.** WHEREAS, Trustee is the duly appointed Chapter 7 Trustee in the Bankruptcy Case.

**C.** WHEREAS, Trustee and Debtors have entered into a prior Settlement Agreement and Stipulation in this case as to certain estate funds on September 22, 2017 (the "**Estate Funds Settlement**").

**D.** WHEREAS, Trustee investigated the financial affairs of Debtors and determined that Debtors had a non-exempt interest in real property located at 222 Norheim Lane, McCall, Idaho (the "**McCall Property**").

**E.** WHEREAS, the McCall Property was transferred in part to the Mikkelsens in January 2016 by the Debtors.

**F.** WHEREAS, the McCall Property was improved by the Debtors to some degree at the time of the transfer of the McCall Property to the Mikkelsens. The Mikkelsens further improved the McCall Property after January 2016.

**G.** WHEREAS, Trustee took the Rule 2004 Examination of Mr. Eric Mikkelsen on August 11, 2017, wherein Trustee inquired as to the McCall Property, among other things.

**H.** WHEREAS, to avoid the time, expense, and risk of further litigation, the Parties have now agreed to fully compromise and settle their claims and defenses pursuant to the terms and conditions of this Agreement as to the McCall Property.

**NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement, the Parties hereto mutually agree as follows:

1. The above recitals are incorporated herein by reference.

2. **EFFECTIVE DATE.** The effective date of this Agreement shall be

EXHIBIT A

_March 8, 2018_, regardless of when the Parties sign it ("**Effective Date**").

3. **SETTLEMENT PAYMENT.**

   **a)** **Settlement Sum**. Debtors and the Mikkelsens shall pay to Trustee the total sum of Eighty Thousand Dollars ($80,000.00) in good funds (the "**Settlement Sum**"), in full satisfaction of Trustee's claims asserted against Debtors and the Mikkelsens only as to the McCall Property. For the avoidance of doubt, the Parties hereby acknowledge, understand, and agree that, as more fully set forth below, this Agreement has no effect on the Estate Funds Settlement.

   **b)** **Payment of the Settlement Sum**. Debtors and the Mikkelsens shall pay to Trustee the Settlement Sum on or before **July 1, 2018**.

   **c)** **Default**. Debtors and the Mikkelsens acknowledge, understand, and agree if they fail to pay the Settlement Sum as set forth in (b) above, a default shall exist if such default is not cured five (5) days after Debtors and the Mikkelsens receive notice of such default. Debtors and the Mikkelsens agree that such notice may be given by Trustee or his lawyers through any reasonable means of communication, including a telephone call to Debtors' counsel or an email to Debtors' counsel. Debtors' counsel is the same counsel for the Mikkelsens and such notice, as stated in the prior sentence, suffices to this counsel for the Mikkelsens as well. If such default occurs, Debtors and the Mikkelsens agree that Trustee shall retain any payment made by Debtors and the Mikkelsens as of the date of the default. Trustee may then commence any adversary proceeding or other court action deemed reasonable in the sole and absolute discretion of Trustee against Debtors, the Mikkelsens, and any other parties. Upon default, Trustee may exercise any right and remedy as provided under this Agreement or as provided by law or equity.

   **d)** **Prepayment.** The Settlement Sum may be prepaid, in whole or in part, at any time without penalty.

4. **COURT APPROVAL.** The Parties acknowledge that this Agreement, and all terms hereto, are subject to and conditioned upon Trustee obtaining approval of this Agreement (the "**Court Order**"). If the Bankruptcy Court does not approve the terms of this Agreement, this Agreement will be void and without effect.

5. **RELEASES.**

   **a)** **Release of Debtors**. Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, effective upon the Court Order, Trustee as the representative of Debtors' bankruptcy estate, and his past, present and future predecessors, successors, assigns, agents, and representatives, does hereby release and forever discharge Debtors from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or

proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which the Trustee may now have or has ever had or hereafter claims to have had, on behalf Debtors' bankruptcy estate.

      **b)** **Release of the Mikkelsens.** Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, effective upon the Court Order, Trustee as the representative of Debtors' bankruptcy estate, and his past, present and future predecessors, successors, assigns, agents, and representatives, does hereby release and forever discharge the Mikkelsens from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which the Trustee may now have or has ever had or hereafter claims to have had, on behalf Debtors' bankruptcy estate.

      **c)** **Release of the Trustee.** Except for the requirements of this Agreement and documents executed in furtherance of this Agreement, which expressly survive the releases set forth herein, effective upon the Court Order, Debtors and the Mikkelsens, for themselves and their past, present and future predecessors, successors, assigns, agents, representatives, partners, brokers, contractors, and servants, does hereby release and forever discharge the Trustee and each of his past, present, and future predecessors, successors, assigns, agents, and representatives, (collectively, the "**Trustee Releasees**"), and each of them, jointly and severally, from any and all actions, claims, counterclaims, cross-claims, causes of action, lawsuits, remedies, damages, liabilities, debts, suits, liens, demands, costs, expenses, fees, controversies, set-offs, third-party actions or proceedings, whether at law, equity, administrative, arbitration or otherwise, whether before a local, state, or federal court, or before a state or federal administrative agency or commission, whether now known or unknown, foreseen or unforeseen, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, which Debtors and the Mikkelsens may now have or has ever had or hereafter claims to have had, on behalf of themselves or any other person or entity, as of the date of the order approving this Agreement, against any and each of the Trustee Releasees.

    **6.** **DEBTORS' AND THE MIKKELSENS' REPRESENTATIONS AND WARRANTIES.** In order to induce the Trustee to enter into this Agreement, Debtors and the Mikkelsens hereby make the following representations and warranties to Trustee:

      **a.** **No Assignment of Claims.** Debtors and the Mikkelsens hereby represent and warrant to Trustee that they have not assigned or transferred or purported to assign or transfer to any third party all or any part of any of the claims released herein.

b. **Representation by Counsel.** Debtors and the Mikkelsens hereby represent and warrant to Trustee that they have been represented by counsel of their own choosing during any and all negotiations which have led to this Agreement.

7. **TRUSTEE'S REPRESENTATIONS AND WARRANTIES.** In order to induce Debtors and the Mikkelsens to enter into this Agreement, the Trustee hereby makes the following representations and warranties:

a. **No Assignment of Claims.** Trustee hereby represents and warrants to Debtors and the Mikkelsens that Trustee has not heretofore assigned or transferred or purported to assign or transfer to any third party all or any part of any of the claims released herein.

b. **Representation by Counsel.** The Trustee represents, warrants and agrees that he has been represented by counsel of his own choosing during any and all negotiations which have led to this Agreement.

8. **EXPENSES OF THE PARTIES IN THIS TRANSACTION.** Each of the Parties hereto shall pay all of the expenses incurred by such Party in connection with the authorization, preparation, negotiation, and execution of this Agreement, including but not limited to all fees and expenses for agents, attorneys, and accountants. Each Party hereto shall be responsible for any and all tax consequences, if any, that they may incur as a result of any term of this Agreement.

9. **TIME OF ESSENCE.** Time and prompt performance of each provision of this Agreement is of the essence.

10. **WAIVER.** A waiver by one Party hereto of one or several defaults in performance of any provision of this Agreement to be performed by any other Party hereto shall not be construed as being a waiver of such provision itself, or of any subsequent default in performance thereof, or of the provisions of this Agreement.

11. **ENFORCEMENT EXPENSES OF THE PARTIES HERETO.** The Party hereto who is a losing Party in any court action brought to enforce any of the provisions of this Agreement shall pay to the party hereto who is a prevailing Party in such court action all reasonable attorney fees incurred in all trial and appellate courts by such prevailing party in addition to all costs allowed by law.

12. **ALL MODIFICATIONS TO BE WRITTEN.** No modification of this Agreement or any waiver of a provision hereof shall be of any force or effect unless the same is in writing and signed by the Parties hereto.

13. **BINDING EFFECT.** The Agreement herein applies to, binds and inures to the benefit of each Party hereto and their personal representatives, executors, administrators, heirs, devisees, legatees, assignees, transferees, and successors.

14. **FINAL EXPRESSION OF THIS AGREEMENT.** This Agreement and those documents executed in furtherance of this Agreement are the final expression of all the parties'

agreements regarding resolution of the claims to the Estate Funds, and supersedes all prior or contemporaneous negotiations, understandings, and agreements between the parties, whether oral or written. Any prior oral promises, representations, waivers, and courses of conduct are not relied upon and are of no further effect.

15. **MISCELLANEOUS**. This Agreement shall be interpreted as provided in this provision:

    a. **Paragraph headings**. The paragraph headings used herein are for convenience only and are not a part of this Agreement and shall not be used to interpret it.

    b. **Choice of law and consent to jurisdiction and venue**. This Agreement shall be governed by the laws of the state of Idaho, without regard to its conflicts of law rules or principles. The Parties specifically agree that any and all controversies, disputes or claims arising under, or related to, this Agreement, including any breaches of the Parties' respective obligations set forth in this Agreement, and/or the conduct of any Party taking place after the Effective Date of this Agreement, shall be adjudicated by the Bankruptcy Court and the Parties hereby consent to and submit to the jurisdiction, constitutional authority, and venue of the Bankruptcy Court to enter the Court Order approving this Agreement and to resolve any and all disputes arising from this Agreement.

    c. **Singular terms**. Singular terms used herein shall be read as if written in the plural when the context so requires or permits.

    d. **Duplicate originals**. Duplicate originals of this Agreement shall be signed and each such signed duplicate original may serve as an original for all purposes.

    e. **Severability**. If any provision of this Agreement is held to be illegal, invalid, or unenforceable for any reason, such illegality or invalidity shall not affect the remaining portions of this Agreement.

    f. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute a single, integrated and binding instrument. A faxed, photocopied, digital or scanned and emailed signature shall have the same force and effect as an original signature.

[Remainder of the page intentionally left blank.]

**SIGNED BY TRUSTEE:**

Noah G. Hillen, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Eric and Amanda Mikkelsen (Bankr. D. Idaho Case No. 16-01489-TLM)

By: _____    3-8-18
    Noah G. Hillen                     Date Signed

**SIGNED BY DEBTORS:**

_____
Eric Mikkelsen

2/9/18
Date Signed

_____
Amanda Mikkelsen

2-9-18
Date Signed

48489.0003.10573631.1

**SIGNED BY THE MIKKELSENS:**

_____      2-27-2018
Alan Mikkelsen                             Date Signed

_____      2/27/2018
Lynette Mikkelsen                      Date Signed

48489.0003.10573631.1

APPROVED AS TO FORM AND CONTENT:

_____          3/8/2018
HAWLEY TROXELL ENNIS & HAWLEY LLP        Date Signed
Attorneys for Trustee


_____          3/8/2018
LAW OFFICE OF RANDAL J. FRENCH, P.C.     Date Signed
Attorney for Debtors

48489.0003.10573631.1