## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE                                                      ) | |
|                                                                 ) | Case No. 16-01489-TLM |
| ERIC ALAN MIKKELSEN and      ) | |
| AMANDA LYNN MIKKELSEN,  ) | |
|                                                                 ) | Chapter 7 |
|                         Debtors.                    ) | |
| _____ ) | |

### MEMORANDUM OF DECISION
_____

The chapter 7 trustee, Noah Hillen ("Trustee") filed a Motion to Approve Compromise, Doc. No. 99 ("Motion"). Under the Motion, chapter 7 debtors Eric and Amanda Mikkelsen ("Debtors") and Allen and Lynette Mikkelsen (the "Mikkelsens") will collectively pay $80,000. Motion at 11 (Ex. A, agreement, at ¶3(a)). Trustee asserts the settlement amount, along with the proceeds of a prior approved compromise, *see* Doc. No. 96, will enable Trustee to pay all unsecured creditors in full and all administrative expenses.

No creditors have objected to the Motion or its proposed compromise. However, attorneys John Avery, d/b/a Avery Law Office, and Mark Avery (the "Averys") have objected. Doc. No. 101 ("Objection"). The Averys, however, are not creditors of this bankruptcy estate. Debtors and Trustee therefore argue that the Averys lack standing to object to the compromise, the Objection should be

MEMORANDUM OF DECISION - 1

overruled, and the Motion should be granted both as unopposed and as meritorious under Rule 9019 and applicable precedent.

The matter was heard on August 20, 2018. No evidence was presented at the hearing, only argument. The Motion and Objection were taken under advisement. In addressing the matter, the Court takes judicial notice of its files and records. Fed. R. Evid. 201. This Decision constitutes the Court's findings and conclusions. Fed. R. Bankr. P. 7052, 9014.

Debtors' chapter 7 case was filed on November 18, 2016. Doc. No. 1. The Averys were counsel of record for Debtors. *Id.*; *see also* Doc. No. 5.[1] Debtors claimed a homestead exemption in a townhouse and also in property at 222 Norheim Lane in McCall, described as "land with some improvements" worth $78,000 (the "Norheim Property"). Doc. No. 1 at 19. Trustee objected to this exemption. Doc. Nos. 18 and 29. Trustee's objection was unopposed and sustained. Doc. No. 34 (order disallowing exemption).

On March 15, 2017, attorney Randal French substituted for the Averys as Debtors' counsel.

According to the uncontested assertions in the Motion and related filings, Debtors transferred an interest in the Norheim Property to the Mikkelsens in January 2016 which was within one year of the November 2016 petition date. No

---

[1] Mark Avery signed the petition and the Rule 2016(b) disclosure of compensation.

MEMORANDUM OF DECISION - 2

consideration was paid to Debtors for the transfer. Debtors contend, however, that consideration was provided because the Mikkelsens orally agreed they would improve the property. Debtors retained an interest in the property of an uncertain or unspecified extent. Trustee contends that this transfer is avoidable under § 548(a) of the Code though he acknowledges the Mikkelsens could have a potential defense or claim to the extent of any post-transfer improvements to that property. Under the proposed compromise, Trustee agrees to release all claims the estate has to the Norheim Property in exchange for payment of the agreed amount.

The Objection asserts that (i) the precise contributions toward the compromise amount from Debtors and the Mikkelsens are not disclosed; (ii) the funds, to the extent contributed by Debtors, could be funds or assets not disclosed in the bankruptcy (and the Averys suggest could be a potential fraudulent concealment); and (iii) "The Averys have standing due to the fact that the Debtors have filed a malpractice action against them in state court, and the result of this compromise and the disclosure of the payor directly effects the damages in that case." Objection at 2–3.

In their February 15, 2018 state court complaint commencing Case No. CV01-18-03185, Fourth Judicial District, State of Idaho (the "State Court Action"), Debtors allege the Averys prepared and filed a legally deficient declaration of homestead and erroneously advised them they could make certain

transfers prior to filing their bankruptcy in order to pay obligations.[2] The complaint in the State Court Action further asserts Trustee successfully objected to Debtors' homestead exemption and successfully claimed the pre-bankruptcy transactions should be avoided. Thus, Debtors conclude they lost the value of their interest in the Norheim Property and the amounts they had to reimburse the estate for the pre-bankruptcy transfers due to the Avery's alleged negligence in performance of legal services, and they claim a right to damages of not less than $100,000. Adv. Proc. 18-06018-TLM at Doc. No. 1-1.

The issues addressed by the parties in this case are multi-faceted. However, on this Motion the Court need only determine whether the Objection should be sustained or overruled and whether the Motion should be granted and the proposed compromise approved.

To have standing to object to a trustee's proposed compromise, a party must have an economic or pecuniary interest in the estate. *In re Rake*, 363 B.R. 146, 151 (Bankr. D. Idaho 2007). The Averys have shown no such interest.[3] Their

---

[2] Debtors' state court complaint is attached as Exhibit A to the Averys' complaint before this Court which commenced Adv. Proc. No. 18-06018-TLM. The Averys' action seeks a ruling that the malpractice claim is property of Debtors' bankruptcy estate under § 541 of the Code "and/or in the alternative" that any recoveries in such action be tuned over to Trustee under § 542. Issues raised in that adversary proceeding, which were also heard on August 20, are addressed in a separate decision.

[3] The Averys' lack of pecuniary interest in the estate is patent. If the Court, for example, were to determine that the proposed compromise amount of $80,000 were inadequate, and Trustee negotiated additional amounts, after his full payment of creditors' claims and

(continued...)

MEMORANDUM OF DECISION - 4

belief that an approved compromise "directly effects the damages" in the State Court Action does not confer the requisite interest. It does not make the Averys a creditor in this bankruptcy case or establish any sort of claim against this bankruptcy estate.[4] Thus, the Averys lack standing and their Objection will be overruled.

Even absent objection, the Court has an independent obligation to evaluate a proposed compromise under Rule 9019. *In re Apply 2 Save, Inc.*, 2011 WL 1363771, *3–4 (Bankr. D. Idaho Apr. 11, 2011) (citing *Rake*, 363 B.R. at 151–52). The factors and required showing for approval of a compromise are adequately set forth in those cases and need not be repeated.[5] The Court has undertaken that evaluation, and finds that the standards are clearly and unambiguously met.

Based on a thorough review of the record, and consideration of the written

---

[3] (...continued)
administrative expenses, Trustee would be required to return any excess funds to Debtors, and the Averys would have no right to payment from the estate. *See* § 726(a)(6).

[4] To the extent it may be argued that a successful defense by the Averys in the State Court Action might lead to some affirmative recovery against Debtors, such as an award of fees and costs, this does not establish standing to object to the Motion. The Court in *In re Stone*, 2003 WL 25273852 (Bankr. D. Idaho June 11, 2003), rejected the proposition that standing (there to object to an application for employment of special counsel) could be based on a "contingent creditor" status, since that status could only arise in the future and a "creditor" under § 101(10)(A) is defined as an entity that holds a claim that "arose at the time of or before" the petition. *Stone* also rejected the idea that an objection to compromise could be based on a "party in interest" theory. The entity seeking to object in *Stone* was a defendant in a prepetition lawsuit brought by the debtor in U.S. District Court. *Id.*

[5] The cases include, however, *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381–83 (9th Cir. 1986), which is foundational authority for Court approval of motions under Rule 9019. *See also In re Marples*, 266 B.R. 202, 206–07 (Bankr. D. Idaho 2001).

MEMORANDUM OF DECISION - 5

and oral arguments advanced by all parties, the Court finds and concludes the Averys lack standing and such defect supports rejection of the Objection. There are no other objections to the Motion. The proposed compromise is reasonable and within Trustee's proper exercise of business judgment, and the criteria for approval under Rule 9019 and the case law are met. The Motion will be granted.

Trustee shall submit a form of Order consistent with this Decision.

DATED:  August 30, 2018

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE